IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: § | | Case No. 13-37200 |
| § | | |
| GOLDKING HOLDINGS, LLC, *et al.*,[1] § | | |
| § | | Chapter 11 |
| Debtors. § | | (Jointly Administered) |
| § | | |
| § | | |

---

| | | |
|---|---|---|
| § | | |
| GOLDKING ONSHORE OPERATING, LLC § | | |
| AND GOLDKING HOLDINGS, LLC, § | | |
| § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | | Adv. Proc. No. _____ |
| § | | (Removed from the 61st Judicial |
| LEONARD C. TALLERINE, JR., § | | District Court, Harris County, Texas) |
| GOLDKING ENERGY CORPORATION, § | | |
| GOLDKING ENERGY PARTNERS I, LP, § | | |
| GOLDKING ENERGY PARTNERS, II, LLC, § | | |
| GOLDKING CAPITAL § | | |
| MANAGEMENT, LLC, RETA § | | |
| WELLWOOD D/B/A § | | |
| VERMILLION CONTRACTING CO., § | | |
| DENNA RAMSEY AND § | | |
| PAUL CULOTTA § | | |
| § | | |
| Defendants. § | | |
| § | | |

**NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. § 1452(a), plaintiffs and counterclaim defendants Goldking Onshore Operating, LLC and Goldking Holdings, LLC (the "Debtor Plaintiffs"), in their capacity as debtors and debtors in possession, hereby remove the

---

[1] The Debtors, together with the last four digits of each Debtor's federal tax identification number, are: Goldking Holdings, LLC (2614); Goldking Onshore Operating, LLC (2653); and Goldking Resources, LLC (2682). The mailing address for the Debtors is 777 Walker Street, Suite 2500, Houston, TX 77002.

above-captioned action (the "Action") from the 61st Judicial District Court, Harris County, Texas to the United States Bankruptcy Court for the Southern District of Texas, Houston Division (the "Court"). This action is removable under 28 U.S.C. § 1452(a) because the United States District Court for the Southern District of Texas (the "District Court") has original jurisdiction over this Action pursuant to 28 U.S.C. § 1334(b). As grounds for removal, the Debtor Plaintiffs state as follows:

1. The District Court has original jurisdiction over this Action pursuant to 28 U.S.C. § 1334(b) because this Action is "related to" a pending title 11 bankruptcy proceeding. This Court is presiding over the above-captioned, jointly administered chapter 11 bankruptcy cases of the Debtors pursuant to the general reference with respect to title 11 cases in the Southern District of Texas and 28 U.S.C. § 157.[2] The Action is therefore removable to this Court pursuant to 28 U.S.C. § 1452(a), 28 U.S.C. § 157 and General Order 2012-6 of the United States District Court for the Southern District of Texas.

**Procedural History**

**The Action**

2. On February 13, 2013, Goldking Holdings, LLC ("Holdings") and Goldking Onshore Operating, LLC ("GOO") filed their original petition (the "Original Petition") in the Action in the 61st Judicial District Court, Harris County Texas, captioned *Goldking Onshore Operating, LLC and Goldking Holdings, LLC* v. *Leonard C. Tallerine, Jr., Goldking Energy Corporation, Goldking Energy Partners I, LP, Goldking Energy Partners II, LLC, Goldking Capital Management, LLC, Reta Wellwood d/b/a Vermillion Contracting Co., Denna Ramsey and Paul Culotta*, Cause No. 2013-08724 (Harris Cnty., 61st Jud. Dist. filed Feb. 13, 2013).

---

[2] Pursuant to General Order 2012-6, entered by the United States District Court for the Southern District of Texas on May 24, 2012, "Bankruptcy cases and proceedings arising under Title 11 or arising in or related to a case under Title 11 of the United States Code are automatically referred to the bankruptcy judges of this district…."

3.      In the Original Petition, Holdings and GOO assert causes of action against various combinations of Leonard C. Tallerine, Jr., Goldking Energy Corporation, Goldking Energy Partners I, LP, Goldking Energy Partners II, LLC, Goldking Capital Management, LLC, Reta Wellwood d/b/a Vermillion Contracting Co., Denna Ramsey and Paul Culotta (the "Original Defendants") for: conversion, violations of the Texas Theft Liability Act, fraud, unjust enrichment, business disparagement, breach of contract, breach of the duty of good faith and fair dealing, aiding and abetting breach of fiduciary duty and fraud, and conspiracy. As described in the Original Petition, Holdings and GOO are primary and direct victims of the various wrongdoings committed by the Original Defendants. Original Pet., ¶¶ 2-4.

4.      Subsequently, on March 26, 2013, Leonard C. Tallerine, Jr., Goldking Energy Corporation, Goldking Energy Partners II, LLC, Goldking Capital Management, LLC, Reta Wellwood d/b/a Vermillion Contracting Co., Paul Culotta, and Goldking LT Capital Corporation (the "Counterclaim Plaintiffs") filed an Original Answer and Counterclaim (the "Original Counterclaim") in the Action, complaining of wrongful conduct by Holdings, GOO, Wayzata Opportunities Fund II, LP and Wayzata Investment Partners, LLC ("Wayzata"), certain individual partners of Wayzata, and Edward Hebert, the current Chief Executive Officer of the Debtors (the "Counterclaim Defendants"). The Original Counterclaim asserted nineteen (19) claims against various combinations of the Counterclaim Defendants, including, among others: (i) derivative claims against Wayzata for breach of fiduciary duty, shareholder oppression, breach of the duty of good faith and fair dealing, and other claims on fraud, tortious interference with contract, failure to pay consulting fee, and theft of plane services; (ii) claims against Holdings and GOO for breach of contract, indemnification and advancement of expenses, and failure to pay plane expenses; (iii) derivative claims against all Counterclaim Defendants for

aiding and abetting breach of fiduciary duty, civil conspiracy, trespass to real property, invasion of property, and conversion of personal property; and (iv) derivative claims (on behalf of Holdings) for breach of fiduciary duty, waste, breach of the duty of good faith and fair dealing, and civil conspiracy. The derivative claims comprise property of the Debtors' bankruptcy estates.

5. On September 26, 2013, the Counterclaim Plaintiffs and Louis Belanger, Jr. (the "Amended Counterclaim Plaintiffs") filed their First Amended Answer and Counterclaim (the "First Amended Counterclaim") in the Action, in which claims referred by Court order to arbitration were dropped. In the First Amended Counterclaim, various combinations of the Amended Counterclaim Plaintiffs assert claims against: (i) GOO and Holdings for indemnification, advancement of expenses, breach of contract, and failure to pay plane expenses; (ii) GOO, Holdings and Wayzata under the Texas Theft Liability Act for failure to pay plane expenses; (iii) Wayzata for breach of contract, quantum meruit, fraud and violation of the Texas Theft Liability Act for failure to pay a consulting fee; and (iv) all Counterclaim Defendants for conversion, invasion of privacy, and trespass to real property. The Action is currently in the discovery phase.

**The Bankruptcy Case**

6. On September 30, 2013, Goldking Holdings, Goldking Onshore Operating, LLC and Goldking Resources, LLC (collectively, the "Debtors") each filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") before the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"). On November 20, 2013, the Delaware Bankruptcy Court entered an order transferring venue of the Debtors' chapter 11 bankruptcy cases to the United States Bankruptcy Court for the Southern

District of Texas, Houston Division (the "Bankruptcy Court") (Bk. Doc. No. 88). The Debtors' chapter 11 bankruptcy cases are being jointly administered by the Court and are captioned *In re Goldking Holdings, LLC*, Case No. 13-37200.

7. The following proofs of claim (the "Proofs of Claim"), among others, were filed in the Debtors' chapter 11 bankruptcy cases:

- On February 26, 2014, Leonard C. Tallerine, Jr. filed proof of claim no. 131 in the amount of $560,336.72 against Holdings for indemnification of prepetition attorneys' fees and costs and reimbursement of expenses incurred on behalf of Holdings. Tallerine reserved his right to amend to assert other claims. Tallerine's proof of claim includes claims that are pending in the state court suit.

- On February 26, 2014, Goldking Energy Corporation filed proof of claim no. 24 in the amount of $57,728.33 against GOO for airplane costs. Goldking Energy Corporation's proof of claim consists of a claim that is pending in the state court suit.

- On February 25, 2014, Paul V. Culotta filed proof of claim no. 19 in the amount of $16,726.10 against GOO for breach of separation agreement. Culotta's proof of claim consists of a claim that is pending in the state court suit.

- On November 23, 2013, Whitney Louis Belanger, Jr. filed proof of claim no. 1 in the amount of $270,210.57 against GOO for a severance payment. He does so despite holding property of the estate and refusing to provide it.

        Belanger's proof of claim subsumes a claim that is pending in the state court suit.

8.    The bankruptcy cases have not been terminated, and proceedings relating to the bankruptcy cases remain pending before this Court. A plan of reorganization will be filed before the current deadline.

9.    Pursuant to 28 U.S.C. § 1446(a) and Local Rule 9027-1, attached hereto are (1) the docket sheet, a list of pleadings[3] and copies of pleadings which set forth the current claims in the Action, including the Original Petition and the First Amended Answer and Counterclaim; and (2) a list of all parties and all counsel of record, including addresses and telephone numbers, as well as a designation of all parties upon whom service of process has been accomplished. This Notice of Removal complies with Local Rule 9027.

10.    Removal is timely under 28 U.S.C. § 1446(b) and Rule 9027(a)(3) of the Federal Rules of Bankruptcy Procedure, as extended by that *Order Extending the Time Within Which Debtors May File Notices of Removal Pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027* (Bk. Doc. No. 291).

## Basis for Removal

11.    The Action may be removed under 28 U.S.C. § 1452(a) because it is a civil proceeding "related to" a case under the Bankruptcy Code, and the District Court therefore has original jurisdiction over the Action under 28 U.S.C. § 1334(b). Section 1334(b) provides, in relevant part, that the "district courts shall have original but not exclusive jurisdiction of all civil proceeding arising under title 11, or arising in or related to cases under title 11." *Id.* This Court may hear the Action as a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) because, among

---

[3] Because the trial record is voluminous, we attach a list of all of the pleadings on file.

other reasons, the disposition of the Action is inextricably linked with the resolution of the Proofs of Claim filed by certain of the Original Defendants, which proofs of claim constitute substantive rights that owe their existence entirely to the Bankruptcy Code. *See generally In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987) (defining a core proceeding as one that "invokes a substantive right provided by title 11 or…that, by its nature, could arise only in the context of a bankruptcy case.") Alternatively, the Court may hear the Action pursuant to 28 U.S.C. § 157(c).

12. It is well-established that "related to" bankruptcy proceedings include causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541. *See Arnold v. Garlock, Inc.*, 278 F.3d 426, 434 (5th Cir. 2001) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 308, n.5 (1995)). As the Fifth Circuit Court of Appeals has explained:

> Section 1334's reference to cases related to bankruptcy cases is primarily intended to encompass tort, contract, and other legal claims by and against the debtor, claims that, were it not for bankruptcy, would be ordinary stand-alone lawsuits between the debtor and others but that section 1334(b) allows to be forced into bankruptcy court so that all claims by and against the debtor can be determined in the same forum.

*In re Zale Corp.*, 62 F.3d 746, 752 (5th Cir. 1995) (citing *Zerand-Bernal Group, Inc. v. Cox*, 23 F.3d 159, 161-162 (7th Cir. 1994)).

13. Consistent with the guidance offered by the Fifth Circuit above in *Arnold* and *Zale*, this Court clearly has "related to" jurisdiction pursuant to Section 1334 over the Action because the Action involves several claims asserted by GOO and Holdings against the Original Defendants, and against GOO and Holdings by the Counterclaim Plaintiffs. Many of the claims also comprise property of the estate.

14. Furthermore, the Action is related to the Debtors' chapter 11 bankruptcy cases because GOO and Holdings may owe indemnity obligations, as defined and set forth further in the governing corporate documents for GOO and Holdings. An indemnity obligation that affects

the property of a debtor gives rise to "related to" jurisdiction under 28 U.S.C. § 1334(b). *See Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 386-87 (5th Cir. 2010) (claims for indemnification against a debtor create "related to" bankruptcy jurisdiction); *In re Stonebridge Techs., Inc.*, 430 F.3d 260, 266-67 (5th Cir. 2005) (holding that a debtor's letter of credit obligation triggered "related to" jurisdiction in a dispute between two nondebtor third parties); *In re El Paso Refinery, LP*, 302 F.3d 343, 349 (5th Cir. 2002) (litigation against former owner of the debtor that would set off a "chain of indemnification provisions . . . leading directly to the [d]ebtor" fell within bankruptcy jurisdiction); *see also In re Brook Mays Music Co.*, 363 B.R. 801, 814 (Bankr. N.D. Tex. 2007) ("[related to] subject matter jurisdiction exists because of the indemnification claims").

## Other Procedural Requirements

15. Promptly upon filing of this Notice of Removal, a true copy of this Notice of Removal will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d) and Notice also filed in the state court. Pursuant to Rule 5(d) of the Federal Rules of Civil Procedure, the Debtor Plaintiffs will file with this Court a Certificate of Service of Notice to Adverse Parties of Removal to Federal Court.

16. Concurrently with the filing of this Notice of Removal, the Debtor Plaintiffs are filing a Notification of Filing of Notice of Removal with the clerk of the 61st Judicial District Court, Harris County, Texas in accordance with 28 U.S.C. § 1446(d) and Rule 9027(c) of the Federal Rules of Bankruptcy Procedure.

17. As required under Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure, the Debtor Plaintiffs state that the claims asserted by and against them are in substantial part core, within the meaning of pursuant to 28 U.S.C. § 157(b)(2)(B).

18. As required under Local Rule 9027-2, the Debtor Plaintiffs consent to entry of final orders or judgment by this Court if it is determined that consent is necessary.

## Conclusion

19. WHEREFORE, Debtor Plaintiffs remove this Action from the 61st Judicial District Court, Harris County, Texas.

Dated: April 28, 2014

Respectfully submitted,

**HAYNES AND BOONE, LLP**

*/s/ Patrick L. Hughes*
Patrick L. Hughes
Texas Bar No. 10227300
Charles A. Beckham, Jr.
Texas Bar No. 02016600
Christopher L. Castillo
Texas Bar No. 24065022
Arsalan Muhammad
Texas Bar No. 24074771
Haynes and Boone, LLP
1221 McKinney Street, Suite 2100
Houston, Texas  77010
Telephone:  (713) 547-2000
Facsimile:   (713) 547-2600

**COUNSEL FOR DEBTOR PLAINTIFFS AND DEBTORS**

-and-

**GIBBS & BRUNS, L.L.P.**

*/s/ Barrett H. Reasoner*
Barrett H. Reasoner
Texas Bar No. 16641980
Mark A. Giugliano
mgiugliano@gibbsbruns.com
Texas Bar No. 24012702
Laura J. Kissel
lkissel@gibbsbruns.com
Texas Bar No.  24046223
Gibbs & Bruns, L.L.P.
1100 Louisiana, Suite 5300
Houston, Texas  77002
Telephone:  (713) 650-8805
Facsimile:   (713) 750-0903

**SPECIAL LITIGATION COUNSEL FOR DEBTOR PLAINTIFFS**

10

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this foregoing instrument was served in compliance with the Texas Rules of Civil Procedure on the 28th day of April, 2014, as set forth below:

| | |
|---|---|
| *Via Email & Facsimile*<br>Eric Fryar<br>Fryar Law Firm, P.C.<br>912 Prairie, Suite 100<br>Houston, Texas 77002-3145<br>Tel: (281) 715-6396<br>Fax: (281) 715-6397<br>**Attorney representing Defendants Leonard C. Tallerine, Jr., Goldking Energy Corporation, Goldking Energy Partners II, LLC, Goldking Capital Management, LLC, Reta Wellwood DBA Vermillion Contracting Co., and Paul Culotta** | *Via Email & Facsimile*<br>Craig Ribbeck<br>The Ribbeck Law Firm<br>6363 Woodway, Suite 565<br>Houston, Texas 77057<br>Tel: (713) 621-5220<br>Fax: (713) 572-1507<br>**Attorney representing Defendant Denna Ramsey** |
| *Via Email & Facsimile*<br>James C. Scott<br>Gardere Wynne Sewell LLP<br>3000 Thanksgiving Tower<br>1601 Elm Street<br>Dallas, Texas 75201<br>Tel: (214) 999-3000<br>Fax: (214) 999-4667<br>**Attorney representing Defendant Goldking Energy Partners I, LP** | *Via Email & Facsimile*<br>Adam Schiffer<br>Schiffer Odom Hicks & Johnson, PLLC<br>700 Louisiana, Suite 1200<br>Houston, Texas 77002<br>Fax: (713) 357-5160<br>**Attorney representing Counter- and Third-Party Defendants Wayzata Opportunities Fund II, LP, Wayzata Investment Partners, LLC, Pat Halloran, Mary Burns, Blake Carlson, Michael Strain, and Raphael Wallander** |
| *Via Email & Facsimile*<br>Shawn Raymond<br>Susman Godfrey LLP<br>1000 Louisiana, Suite 5100<br>Houston, Texas 77002-5096<br>Tel: (713) 651-9366<br>Fax: (713) 654-6666<br>**Attorney representing Third-Party Defendant Edward Hebert** | *Via Email & Facsimile*<br>David L. Sheller<br>810 Waugh Drive, 2nd Floor<br>Houston, Texas 77019<br>Tel: (713) 961-0291<br>Fax: (713) 961-5112<br>**Attorney representing Counterclaim Plaintiff Louis Belanger** |

11

| | |
|---|---|
| *Via Email & Facsimile* <br> Stewart F. Peck Esq. <br> Benjamin Kadden <br> Lugenbuhl <br> 601 Poydras Street, Suite 2775 <br> New Orleans LA 70130 <br> Phone: (504) 568-1990 <br> Fax: (504) 310-9195 <br> E-mail: speck@lawla.com <br> E-mail: bkadden@lawla.com <br> **Attorneys representing "Counterclaim Plaintiff" Leonard C. Tallerine, Jr. and Goldking LT Capital Corp.** | *Via Email & Facsimile* <br> Hector Duran <br> U.S. Trustee <br> 515 Rusk, Suite 3516 <br> Houston, TX 77002 <br> Phone:  (713) 718-4664 <br> Facsimile:  (713) 718-4650 <br> Email: Hector.Duran.Jr@usdoj.gov <br><br> **United States Trustee** |

        */s/ Patrick L. Hughes*
        Patrick L. Hughes