IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 13-37200 |
| | § | |
| GOLDKING HOLDINGS, LLC, *et al.*, | § | |
| | § | Chapter 11 |
| Debtors. | § | (Jointly Administered) |
| | § | |

| | | |
|---|---|---|
| GOLDKING ONSHORE OPERATING, LLC and GOLDKING HOLDINGS, LLC, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Adv. Proc. No. 14-03144 |
| | § | (Removed from the 61st Judicial District Court, Harris County, Texas) |
| LEONARD C. TALLERINE, JR., GOLDKING ENERGY CORPORATION, GOLDKING ENERGY PARTNERS I, LP, GOLDKING ENERGY PARTNERS, II, LLC, GOLDKING CAPITAL MANAGEMENT, LLC, RETA WELLWOOD D/B/A VERMILLION CONTRACTING CO., DENNA RAMSEY and PAUL CULOTTA | § | |
| Defendants. | § | |

Hebert's Answer to Defendant's Second Amended Counterclaims

Pursuant to Federal Rule of Bankruptcy Procedure 7008, third party defendant Edward Hebert files his Answer and Affirmative Defenses to the Second Amended Counterclaims filed on August 4, 2014 by counter-claimants Leonard C. Tallerine, Jr. ("Tallerine"), Goldking Energy Corporation ("GEC"), Goldking Energy Partners II, LLC ("GEPII"), Goldking Capital Management, LLC ("GCM"), Reta Wellwood d/b/a Vermillion Contracting Co. ("Vermillion"),

1

Paul Culotta ("Culotta"), and Goldking LT Capital Corp. ("LT Capital") (collectively, "Counterclaimants").

I.

Admissions and Denials

For the reasons set forth throughout this Answer and Affirmative Defenses, Hebert denies liability for each cause of action asserted by the Counterclaimants.

Defendants' Specific Answers to Allegations in Amended Complaint

1-192. No response is required for paragraphs 1-192 as they contain Defendants' specific answers to allegations contained in the Second Amended Complaint that was filed by "Goldking Onshore Operating LLC ("GOO") and Goldking Holdings LLC ("GKH") (collectively "Plaintiffs"). Hebert is not a party to that Complaint.

Responses to Party Allegations

193. Hebert admits that the individuals and entities identified in paragraph 193 are some of the parties to this action.

194. Hebert admits the allegations in paragraph 194.

195. Plaintiffs admit the allegations in paragraphs 195.

196. Hebert admits that Wayzata Investment Partners is a party to this action. Hebert admits the remaining allegations in paragraph 196.

197. Hebert admits that Wayzata Opportunities Fund II, LP ("Wayzata II") is a party to this action. Hebert does not have sufficient information to affirm or deny the remaining allegations in paragraph 197.

198. Hebert admits that Halloran is a party to this action. Hebert does not have sufficient information to affirm or deny the remaining allegations in paragraph 198.

2

199. Hebert admits that Burns is a party to this action. Hebert does not have sufficient information to affirm or deny the remaining allegations in paragraph 199.

200. Hebert admits that Carlson is a party to this action. Hebert does not have sufficient information to affirm or deny the remaining allegations in paragraph 200.

201. Plaintiffs admit that Strain is a party to this action, but denies that he is currently a manager, director, or officer of either GOO or GKH. Hebert does not have sufficient information to affirm or deny the remaining allegations in paragraph 201.

202. Hebert admits that Raphael Wallander is a party to this action. Hebert does not have sufficient information to affirm or deny the remaining allegations in paragraph 202.

203. Paragraph 203 does not require a response.

204. Hebert admits the allegations in paragraph 204.

Responses to Common Factual Allegations

205. Hebert admits that Wayzata Investment Partners is a private equity firm. Hebert does not have sufficient information to affirm or deny the remaining allegations in paragraph 205 because such allegations are not directed at him.

206. Hebert admits that Tallerine has owned, operated, and/or controlled, and continues to own, operate, and/or control, multiple entities bearing the "Goldking" name. Hebert denies the remaining allegations in paragraph 206.

207. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 207 because such allegations are not directed at him.

208. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 208 because such allegations are not directed at him.

3287865v1/013686

209. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 209 because such allegations are not directed at him.

210. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 210 because such allegations are not directed at him.

211. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 211 because such allegations are not directed at him.

212. Hebert admits that GKH and GOO were formed as entities on March 3, 2010 by the filing of Certificates of Formation with the Delaware Secretary of State and that GKH's initial Limited Liability Company Agreement was executed on July 13, 2010. Hebert does not have sufficient information to affirm or deny the remaining allegations in paragraph 212 because such allegations are not directed at him.

213. Hebert admits that effective August 31, 2010, an Amended and Restated Limited Liability Company Agreement of GKH ("Amended GKH LLC Agreement") was executed. Hebert does not have sufficient information to affirm or deny the remaining allegations in paragraph 213 because such allegations are not directed at him.

214. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 214 because such allegations are not directed at him.

215. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 215 because such allegations are not directed at him.

216. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 216 because such allegations are not directed at him.

217. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 217 because such allegations are not directed at him.

218. Hebert admits that Tallerine purported to give Plaintiffs the right to use "Goldking" as part of their corporate names and the rights to the www.goldkingenergy.com domain; that Tallerine sold certain furniture and equipment to Plaintiffs; and that Tallerine loaned certain furniture, artwork, and equipment to Plaintiffs. Hebert denies the remainder of the allegations in paragraph 218.

219. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 219 because such allegations are not directed at him.

220. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 220 because such allegations are not directed at him.

221. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 221 because such allegations are not directed at him.

222. Hebert admits that Tallerine maintained several other "Goldking" entities and had other purported investments and business ventures during his tenure as president and CEO of Plaintiffs. Hebert does not have sufficient information to affirm or deny the remaining allegations in paragraph 222 because such allegations are not directed at him.

223. The terms of the Amended GKH LLC Agreement speak for themselves, therefore no response is required to the first three sentences in paragraph 223. Hebert does not have sufficient information to affirm or deny the remaining allegations in paragraph 223 because such allegations are not directed at him.

224. Hebert admits that GEC, a corporation wholly owned by Tallerine, purportedly owned and operated a private plane, and that Tallerine's employment letter contained the terms for reimbursement for the use of the private plane for GOO- or GKH-related business. Hebert

does not have sufficient information to affirm or deny the remaining allegations in paragraph 224 because such allegations are not directed at him.

225.   Hebert does not have sufficient information to affirm or deny the allegations in paragraph 225 because such allegations are not directed at him.

226.   Hebert admits that the nameplate outside Office Suite 2500A bore the name "Goldking Energy Partners/Leonard C. Tallerine, Jr."  Hebert does not have sufficient information to affirm or deny the remaining allegations in paragraph 226 because such allegations are not directed at him.

227.   Hebert does not have sufficient information to affirm or deny the allegations in paragraph 227 because such allegations are not directed at him.

228.   Hebert does not have sufficient information to affirm or deny the allegations in paragraph 228 because such allegations are not directed at him.

229.   Hebert does not have sufficient information to affirm or deny the allegations in paragraph 229 because such allegations are not directed at him.

230.   Hebert does not have sufficient information to affirm or deny the allegations in paragraph 230 because such allegations are not directed at him.

231.   Hebert does not have sufficient information to affirm or deny the allegations in paragraph 231 because such allegations are not directed at him.

232.   Hebert does not have sufficient information to affirm or deny the allegations in paragraph 232 because such allegations are not directed at him.

233.   Hebert admits that Tallerine received travel and expense advances from GOO. Hebert does not have sufficient information to affirm or deny the remaining allegations in paragraph 233 because such allegations are not directed at him.

3287865v1/013686

234. Hebert denies the allegations in paragraph 234.

235. Hebert admits that Culotta organized documents and materials into a binder in or around the summer and fall of 2011 reflecting the improper transfer or expenditure of GOO funds for the benefit of Tallerine or one of his separately-owned businesses that had been identified by GOO employees. Hebert admits that Donna McCulloch and Ken Cleveland assisted in identifying improper transactions contained in the report. Hebert denies the remaining allegations in paragraph 235.

236. Hebert admits that in or around October 2011, he was hired as GOO's CFO; that he had previously been CFO of Saratoga Resources, Inc., where he had interacted with representatives of Wayzata Investment Partners; and that he attended GOO's Board of Managers meetings and communicated with the Managers and other professionals who offered value or assistance to Plaintiffs' business, including Eitan Bernstein of Wayzata Investment Partners. Hebert denies the remaining allegations in paragraph 236.

237. Hebert admits that in or around October 2011, he became GOO's CFO; that Culotta left a collection of files purportedly describing financial transactions on Hebert's desk; and that Hebert initialed or signed pages of the report. Hebert denies the remaining allegations in paragraph 237, specifically the implication that he somehow signed off on or otherwise approved of Defendants' theft and misappropriation of Plaintiffs' funds and assets.

238. Hebert admits that in late 2011, GOO put in place a procedure whereby a GOO employee created a ledger of incoming checks that was reviewed by Controller Ken Cleveland and Tallerine to determine the account into which the checks should be deposited. Hebert further admits that (a) in August 2011, GOO paid an invoice submitted by SMBology that included $533 for IT services performed for Tallerine personally; (b) in September 2011, Tallerine and/or

Ramsey caused GOO to pay $18,092.48 to Cawley Gillespie & Associates, Inc. for engineering services provided to GEC; and (c) on September 5, 2012, $32,200 was transferred from GOO's account to an account maintained by the law firm of Lugenbuhl, Wheaton, Peck, Rankin & Hubbard, which had represented Plaintiffs on several matters but also represented "other Tallerine interests." Hebert denies the remaining allegations in paragraph 238.

239. Hebert admits that after Plaintiffs fired Tallerine, they set aside any mail that was delivered for Tallerine personally or for one of Tallerine's companies. Hebert denies the remaining allegations in paragraph 239, specifically the implication that he incorrectly delivered to Tallerine a check belonging to Plaintiffs.

240. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 240 because such allegations are not directed at him.

241. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 241 because such allegations are not directed at him.

242. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 242 because such allegations are not directed at him.

243. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 243 because such allegations are not directed at him.

244. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 244 because such allegations are not directed at him.

245. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 245 because such allegations are not directed at him.

246. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 246 because such allegations are not directed at him.

3287865v1/013686

247. Hebert admits that on or around December 17, 2012, he learned that Tallerine had been terminated by Plaintiffs. Hebert further admits that Philip Innes, who at that time worked for FTI Consulting, Inc., was retained by Plaintiffs to investigate Tallerine's misappropriation and misuse of company funds. Hebert does not have sufficient information to affirm or deny the remaining allegations in paragraph 247.

248. Hebert admits that as of December 17, 2012 Tallerine had been terminated by Plaintiffs. Hebert does not have sufficient information to affirm or deny the remaining allegations in paragraph 248.

249. Hebert admits that Plaintiffs terminated Ramsey, Santoro, and Rosa Tallerine after placing them on administrative leave. Hebert does not have sufficient information to affirm or deny the remaining allegations in paragraph 249.

250. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 250 because such allegations are not directed at him.

251. Hebert denies the allegations in paragraph 251 to the extent such allegations are directed at him. If the allegations are not directed at him, Hebert does not have sufficient information to affirm or deny the allegations in paragraph 251.

252. Hebert denies the allegations in paragraph 252 to the extent such allegations are directed at him. If the allegations are not directed at him, Hebert does not have sufficient information to affirm or deny the allegations in paragraph 252.

253. Hebert admits that on or around December 20, 2012, Denna Ramsey was given access to her personal property, and that representatives of Tallerine, Plaintiffs, and Wayzata discussed possible procedures to govern the organized and fair return of Tallerine's personal property, including any personal property contained in the safe located on Plaintiffs' company

premises. Hebert denies the remaining allegations in paragraph 253 to the extent such allegations are directed at him.

254. Hebert admits that on or around December 17-21, 2012, representatives of Tallerine, Plaintiffs, and Wayzata discussed possible procedures to govern the organized and fair return of Tallerine's personal property, including any personal property contained in the safe located on Plaintiffs' company premises. Hebert denies the remaining allegations in paragraph 254 to the extent such allegations are directed at him.

255. Hebert admits that certain offices within Suite 2500 were under a separate lease, and that Plaintiffs were paying the rent for these three offices at the time of Tallerine's termination. Hebert does not have sufficient information to affirm or deny the remaining allegations in paragraph 255 because such allegations are not directed at him.

256. Hebert admits that (a) Culotta was not Plaintiffs' CFO as of October 2011; (b) Culotta continued to be an employee of GOO until the end of 2011; and (c) Culotta continued to provide consulting services to Plaintiffs after his termination in October 2011, including services which assisted Tallerine's cover-up of his misappropriation and misuse of company funds and assets. Hebert does not have sufficient information to affirm or deny the remaining allegations in paragraph 256 because such allegations are not directed at him.

257. Hebert denies the allegations in paragraph 257 to the extent such allegations are directed at him. If the allegations are not directed at him, Hebert does not have sufficient information to affirm or deny the allegations in paragraph 257.

258. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 258 because such allegations are not directed at him.

3287865v1/013686

259. Hebert admits that Goldking Resources, LLC had a line of credit with Bank of America, that the Company submitted a request for a $1 million draw on the line of credit in the fall of 2012, and that Plaintiffs had occasionally entered into technical default as a result of noncompliance with non-monetary covenants, which defaults were ordinarily waived or granted forbearance. Hebert denies the remaining allegations in paragraph 259, specifically the allegation that Hebert falsely represented to Bank of American that the Company was in compliance on all its loan covenants.

260. Hebert admits that to avoid Bank of America's exercise of remedies, Wayzata II purchased the debt from Bank of America, stopped requiring Plaintiffs to make cash interest payments, and adjusted the interest rate. Hebert denies the remaining allegations in paragraph 260.

261. Hebert admits that the Blue Bar well was completed in or around February 2013. Plaintiffs admit that a decision was made not to drill the Zulu well. Hebert denies the remainder of the allegations in paragraph 261, and specifically denies any implication that Plaintiffs' financial troubles were caused by any of the factors described in paragraph 261.

262. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 262 because such allegations are not directed at him.

263. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 263 because such allegations are not directed at him.

264. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 264 because such allegations are not directed at him.

265. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 265 because such allegations are not directed at him.

3287865v1/013686

266. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 266 because such allegations are not directed at him.

267. Hebert admits that he received a collection of files purporting to be a report of some of the transactions giving rise to the claims at issue in this lawsuit. Hebert denies the remaining allegations in paragraph 267 to the extent such allegations are directed at him.

Defendants' Affirmative Defenses

268-280. No response is required for paragraphs 268-280 as they relate to Defendants' affirmative defenses to Plaintiffs' claims, not Defendants' claims against Hebert.

Response to Causes of Action Allegations

1. Indemnification and Advancement of Expenses

281. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 281 because such allegations are not directed at him.

282. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 282 because such allegations are not directed at him.

283. Paragraph 283 contains legal conclusions to which no response is required. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 283 because such allegations are not directed at him.

284. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 284 because such allegations are not directed at him.

285. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 285 because such allegations are not directed at him.

286. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 286 because such allegations are not directed at him.

2. <u>Failure to Pay Plane Expenses</u>

287. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 287 because such allegations are not directed at him.

237. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 237 because such allegations are not directed at him.

288. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 288 because such allegations are not directed at him.

289. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 289 because such allegations are not directed at him.

290. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 290 because such allegations are not directed at him.

3. <u>Theft of Services—Plane</u>

291. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 291 because such allegations are not directed at him.

292. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 292 because such allegations are not directed at him.

293. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 293 because such allegations are not directed at him.

4. <u>Failure to Pay Consulting Fee</u>

294. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 294 because such allegations are not directed at him.

295. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 295 because such allegations are not directed at him.

296. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 296 because such allegations are not directed at him.

5. Theft of Services—Consulting

297. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 297 because such allegations are not directed at him.

298. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 298 because such allegations are not directed at him.

299. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 299 because such allegations are not directed at him.

6. Fraud

300. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 300 because such allegations are not directed at him.

301. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 301 because such allegations are not directed at him.

302. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 302 because such allegations are not directed at him.

7. Conversion

303. No response is required for paragraph 303

304. Paragraph 304 contains legal conclusions to which no response is required. Hebert otherwise denies the allegations in paragraph 304.

305.  Hebert denies the allegations in paragraph 305.

305. Paragraph 305 contains legal conclusions to which no response is required. Hebert otherwise denies the allegations in paragraph 305.

306. Paragraph 306 contains legal conclusions to which no response is required. Hebert otherwise denies the allegations in paragraph 306.

8. <u>Invasion of Privacy</u>

307. No response is required for paragraph 307.

308. Paragraph 308 contains legal conclusions to which no response is required. Hebert otherwise denies the allegations in paragraph 308.

309. Hebert denies the allegations in paragraph 309.

310. Paragraph 310 contains legal conclusions to which no response is required. Hebert otherwise denies the allegations in paragraph 310.

9. <u>Trespass to Real Property</u>

311. No response is required for paragraph 311.

312. Paragraph 312 contains legal conclusions to which no response is required. Hebert otherwise denies the allegations in paragraph 312.

10. <u>Breach of Contract—Separation Agreement and Confidential General Mutual Release</u>

313. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 313 because such allegations are not directed at him.

314. Hebert does not have sufficient information to affirm or deny the allegations in paragraph 314 because such allegations are not directed at him.

II.

<u>Hebert's Affirmative Defenses</u>

1. All claims asserted by the Counterclaimants against Hebert are barred by their unclean hands.

2.	All claims asserted by the Counterclaimants against Hebert are barred by the doctrine of equitable estoppel.

3.	All claims asserted by the Counterclaimants against Hebert are barred by fraud.

4.	All claims by the Counterclaimants against Hebert are barred or limited by their failure to mitigate damages

5.	Tallerine's and Culotta's conversion and invasion of privacy claims are barred because Tallerine and Culotta had no reasonable expectation of privacy with respect to the property and office space at issue.

6.	Tallerine's and Culotta's conversion and invasion of privacy claims are barred by Plaintiffs' Corporate Policies and Procedures Manual.  The manual explicitly states in Section 1-06 that the company's offices, furnishings, and office equipment are the property of the company and are intended for the use of the company's business, and that there should be no expectation of privacy anywhere within the confines of the company's office premises, including any computers, lockers, desks, or credenzas located in the office, whether under lock and key or not.  Section 1-06 of the manual also informs employees that materials intended to be kept personal and confidential should not be left anywhere in the company's offices or furniture, and that the company may perform searches of the premises, including personal belongings.

7.	Tallerine's and Culotta's conversion and invasion of privacy claims are barred are by consent.

8.	Tallerine and Culotta's conversion and invasion of privacy claims are barred by the doctrine of justification.

9.	Tallerine and Culotta's conversion and invasion of privacy claims are barred because any delay in returning the property at issue was a qualified good-faith refusal.

16

10. Tallerine and Culotta's conversion and invasion of privacy claims are barred because Plaintiffs had a superior title or right to the property at issue.

11. Tallerine and Culotta's conversion and invasion of privacy claims are barred because Tallerine and Culotta's own acts or omissions caused or contributed to their alleged injury.

12. Tallerine and Culotta's conversion and invasion of privacy claims are barred by the doctrine of waiver.

13. GEC's claim for trespass to real property is barred because Plaintiffs had a lawful right to access the office space at issue.

14. GEC's claim for trespass to real property is barred by consent, including actual, apparent, and implied consent.

15. GEC's claim for trespass to real property is barred by the doctrine of justification.

16. GEC's claim for trespass to real property is barred because GEC's own acts or omissions caused or contributed to its alleged injury.

17. GEC's claim for trespass to real property is barred by the doctrine of waiver.

### III.

### Prayer

Hebert respectfully requests that the Court order that:

(a) All relief requested by the Counterclaimants be denied and that they take nothing from Hebert;

(b) All costs of court be taxed against the Counterclaimants; and

(c) Hebert recover all other relief, at law and/or equity, to which he is entitled.

Respectfully submitted,

SUSMAN GODFREY L.L.P.

*/s/ Shawn L. Raymond*
Shawn L. Raymond
S.D. Adm. # 26202
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666
Email: sraymond@susmangodfrey.com

Attorneys for Edward Hebert

3287865v1/013686

Certificate of Service

This is to certify that on this the 18th day of August, 2014, a true and correct copy of the above and foregoing instrument was properly forwarded to all counsel of record by CM/ECF:

Eric Fryar
FRYAR LAW FIRM
912 Prairie Street, Suite 100
Houston, Texas 77002-3145
*Attorney representing Leonard C. Tallerine, Jr., Goldking Energy Corporation, Goldking Energy Partners II, LLC, Goldking Capital Management, LLC, Reta Wellwood DBA Vermillion Contracting Co., Goldking LT Capital Corp, and Paul Culotta*

Adam Schiffer
SCHIFFER ODOM HICKS & JOHNSON, PLLC
700 Louisiana, Suite 1200
Houston, Texas 77002
*Attorney representing Wayzata Opportunities Fund II, LP, Wayzata Investment Partners, LLC, Pat Halloran, Mary Burns, Blake Carlson, Michael Strain, and Rafael Wallander*

Craig Ribbeck
THE RIBBECK LAW FIRM
6363 Woodway, Suite 565
Houston, Texas 77057
*Attorney Representing Denna Ramsey*

Barrett H. Reasoner
Mark A. Giugliano
Laura J. Kissel
Colin C. Pogge
GIBBS & BRUNS, L.L.P.
1100 Louisiana, Suite 5300
Houston, Texas 77002
*Attorneys representing Goldking Onshore Operating, LLC and Goldking Holdings, LLC*

Goldking Energy Partners I, LP
By and through its registered agent,
Benny D. Duncan
6116 N. Central Expressway, Suite 1400
Dallas, Texas

                                                    */s/ Shawn L. Raymond*
                                                    Shawn L. Raymond